IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERESA S. MILLS, | ) | CASE NO. 3:12 CV 1944 |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is an action by plaintiff Teresa S. Mills for judicial review of the final decision of the Commissioner of Social Security denying her application for supplemental security income.[2] Pursuant to my initial order,[3] the Commission has answered[4] and filed the transcript of the administrative proceedings,[5] and the plaintiff has filed her fact

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Jack Zouhary in a non-document order entered on July 26, 2012.

[2] ECF # 1.

[3] ECF # 6.

[4] ECF # 10.

[5] ECF # 11.

sheet.[6] As set forth in my procedural order,[7] the parties have briefed their positions[8] and filed their supplemental charts.[9] Mills has submitted an additional filing documenting the location of various treatment records in the transcript.[10] The parties have participated in a telephonic oral argument.[11]

For the reasons that follow, I will recommend finding that the decision of the Commissioner is not supported by substantial evidence, and so should be reversed and the case remanded for further administrative proceedings.

## Facts

### A.    Background

Mills, who was 21 years old at the time she filed her application,[12] "has a history of treatment for psychological issues and has been treated for ADHD and behavioral issues as an adolescent, as well as bipolar disorder."[13] Moreover, she also has a history of

---

[6] ECF # 12.

[7] ECF # 13.

[8] ECF #14 (Commissioner's brief); ECF # 16 (Mills's brief).

[9] ECF # 16, Attachment (Mills's charts); ECF # 18 (Commissioner's charts).

[10] ECF # 19.

[11] ECF # 20.

[12] Transcript ("Tr.") at 23.

[13] *Id.* at 18.

polysubstance abuse, although in remission at the time of the hearing.[14] She has been incarcerated twice.[15]

Mills dropped out of high school and a GED program and currently lives "independently,"[16] having recently obtained a driver's license.[17]

She claimed past work as a waitress and a kennel cleaner.[18]

## B.  Decision of the Administrative Law Judge ("ALJ")

The ALJ, whose decision became the final decision of the Commissioner, found that Mills had severe impairments consisting of bipolar disorder, attention deficit hyperactivity disorder, and polysubstance abuse.[19] The ALJ made the following finding regarding Mills's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to performing simple, routine, repetitive work, with one or two step instructions, and working in a supervised low stress environment, defined as requiring few decisions.[20]

---

[14] *Id.*

[15] *Id.* at 20.

[16] Her mother in Michigan has custody of her son. *Id.* at 20. The record refers to her having a husband (*Id.* at 20) and/or a boyfriend (*Id.* at 21), though it is not clear that Mills lives with anyone else.

[17] *Id.* at 19.

[18] *Id.* at 23.

[19] *Id.* at 18.

[20] *Id.* at 19.

Based on that residual functional capacity, the ALJ found Mills incapable of performing her past relevant work.[21] Then, founded on the answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Mills could perform.[22] The ALJ, therefore, found Mills not under a disability.[23]

## C.     Issues on judicial review

Mills asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Mills argues that:

1.     The RFC is not supported by substantial evidence as the opinions of Mills's treating psychiatrist support greater limitations;[24] and

2.     The ALJ failed to properly articulate reasons for discounting the opinions of the treating psychiatrists.[25]

---

[21] *Id.* at 23.

[22] *Id.* at 23-24.

[23] *Id.* at 24.

[24] ECF # 16 at 4-11.

[25] *Id.* at 11-14.

-4-

# Analysis

**A.**    **Standards of review**

*1.*    *Treating physician rule and good reasons requirement*

The regulations of the Social Security Administration require the Commissioner to give more weight to opinions of treating sources than to those of non-treating sources under appropriate circumstances.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.[26]

If such opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record," then they must receive "controlling" weight.[27]

The ALJ has the ultimate responsibility for determining whether a claimant is disabled.[28] Conclusory statements by the treating source that the claimant is disabled are not entitled to deference under the regulation.[29]

---

[26] 20 C.F.R. § 416.927(d)(2).

[27] *Id.*

[28] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).

[29] 20 C.F.R. §§ 416.927(e)(1) and (3).

The regulation does cover treating source opinions as to a claimant's limitations and work-related capacity in light of those limitations.[30]  Although the treating source's report need not contain all the supporting evidence to warrant the assignment of controlling weight to it,[31] nevertheless, it must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" to receive such weight.[32]  In deciding if such supporting evidence exists, the Court will review the administrative record as a whole and may rely on evidence not cited by the ALJ.[33]

In *Wilson v. Commissioner of Social Security*,[34] the Sixth Circuit discussed the treating source rule in the regulations with particular emphasis on the requirement that the agency "give good reasons" for not affording controlling weight to a treating physician's opinion in the context of a disability determination.[35]  The court noted that the regulation expressly contains a "good reasons" requirement.[36]  The court stated that to meet this obligation to give good reasons for discounting a treating source's opinion, the ALJ must do the following:

---

[30] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 991 (N.D. Ohio 2003), citing *Green-Younger v. Barnhart*, 335 F.3d 99, 106-07 (2nd Cir. 2003).

[31] *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984).

[32] *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001).

[33] *Id.* at 535.

[34] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).

[35] *Id.* at 544.

[36] *Id.*, citing and quoting 20 C.F.R. § 404.1527(d)(2).

-6-

- State that the opinion is not supported by medically acceptable clinical and laboratory techniques or is inconsistent with other evidence in the case record.

- Identify evidence supporting such finding.

- Explain the application of the factors listed in 20 C.F.R. § 404.1527(d)(2) to determine the weight that should be given to the treating source's opinion.[37]

The court went on to hold that the failure to articulate good reasons for discounting the treating source's opinion is not harmless error.[38]  It drew a distinction between a regulation that bestows procedural benefits upon a party and one promulgated for the orderly transaction of the agency's business.[39]  The former confers a substantial, procedural right on the party invoking it that cannot be set aside for harmless error.[40]  It concluded that the requirement in § 1527(d)(2) for articulation of good reasons for not giving controlling weight to a treating physician's opinion created a substantial right exempt from the harmless error rule.[41]

The opinion in *Wilson* sets up a three-part requirement for articulation against which an ALJ's opinion failing to assign controlling weight to a treating physician's opinion must be measured.  First, the ALJ must find that the treating source's opinion is not being given

_____

[37] *Id.* at 546.

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.*

controlling weight and state the reason(s) therefor in terms of the regulation – the absence of support by medically acceptable clinical and laboratory techniques and/or inconsistency with other evidence in the case record.[42]  Second, the ALJ must identify for the record evidence supporting that finding." [43]  Third, the ALJ must determine what weight, if any, to give the treating source's opinion in light of the factors listed in 20 C.F.R. § 404.1527(d)(2).[44]

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[45] recently emphasized that the regulations require two distinct analyses, applying two separate standards, in assessing the opinions of treating sources.[46] This does not represent a new interpretation of the treating physician rule. Rather it reinforces and underscores what that court had previously said in cases such as *Rogers v. Commissioner of Social Security*,[47] *Blakley v. Commissioner of Social Security*,[48] and *Hensley v. Astrue*.[49]

---

[42] *Wilson*, 378 F.3d at 546.

[43] *Id.*

[44] *Id.*

[45] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (2013).

[46] *Id.* at 375-76.

[47] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

[48] *Blakley*, 581 F.3d at 406-07.

[49] *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

As explained in *Gayheart*, the ALJ must first consider if the treating source's opinion should receive controlling weight.[50] The opinion must receive controlling weight if (1) well-supported by clinical and laboratory diagnostic techniques and (2) not inconsistent with other substantial evidence in the administrative record.[51] These factors are expressly set out in 20 C.F.R. §§ 404.1527(c)(2) and 416.926(c)(2). Only if the ALJ decides not to give the treating source's opinion controlling weight will the analysis proceed to what weight the opinion should receive based on the factors set forth in 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (3)-(6) and §§ 416.926(c)(2)(i)-(ii), (3)-(6).[52] The treating source's non-controlling status notwithstanding, "there remains a presumption, albeit a rebuttable one, that the treating physician is entitled to great deference."[53]

The court in *Gayheart* cautioned against collapsing these two distinct analyses into one.[54] The ALJ in *Gayheart* made no finding as to controlling weight and did not apply the standards for controlling weight set out in the regulation.[55] Rather, the ALJ merely assigned the opinion of the treating physician little weight and explained that finding by the secondary

---

[50] *Gayheart*, 710 F.3d at 376.

[51] *Id.*

[52] *Id.*

[53] *Rogers*, 486 F.3d at 242.

[54] *Gayheart*, 710 F.3d at 376.

[55] *Id.*

criteria set out in §§ 1527(c)(i)-(ii), (3)-(6) of the regulations,[56] specifically the frequency of the psychiatrist's treatment of the claimant and internal inconsistencies between the opinions and the treatment reports.[57] The court concluded that the ALJ failed to provide "good reasons" for not giving the treating source's opinion controlling weight.[58]

But the ALJ did not provide "good reasons" for why Dr. Onady's opinions fail to meet either prong of this test.

To be sure, the ALJ discusses the frequency and nature of Dr. Onady's treatment relationship with Gayheart, as well as alleged internal inconsistencies between the doctor's opinions and portions of her reports. But these factors are properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight.[59]

## 2.  *Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

---

[56] *Id.*

[57] *Id.*

[58] *Id.*

[59] *Id.*

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[60]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.  If such is the case, the Commissioner survives "a directed verdict" and wins.[61]  The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[62]

I will review the findings of the ALJ at issue here consistent with that deferential standard.  The relevant evidence from the administrative record will be discussed in detail as part of the following analysis.

**B.    Application of standards – because the ALJ did not properly consider the opinions of Mills's long-term treating psychiatrist, the final decision of the Commissioner is not supported by substantial evidence and should be reversed.**

Essentially, this case concerns the single issue[63] of whether the ALJ properly analyzed the opinions of Mills's treating psychiatrist, Brenda Brady, M.D., and then correctly articulated the analysis.

---

[60] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[61] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[62] *Rogers*, 486 F.3d at 241.

[63] The parties agreed with this formulation at oral argument.

-11-

At issue are three opinions given by Dr. Brady concerning the mental functional capacity of Mills. The first opinion, dated April 30, 2007, was done on a mental functional capacity assessment form of the Ohio Job & Family Office.[64] Although the first page of the assessment is a check the box form, the second page consists of Dr. Brady's handwritten narrative.

The second form dated November 6, 2008, is titled "Medical Source Statement Concerning the Nature and Severity of an Individual's Mental Impairment."[65] Although the form contains boxes for checking the degree of limitation with respect to various functions, it contains a space for the medical source's narratives, which Dr. Brady did provide.

The third assessment appears on the same form as that of November 6, 2008, and is dated August 11, 2010.[66] Again, although Dr. Brady checked boxes to indicate the degree of severity, she also provided handwritten narrative.

Mills argues that the ALJ's decision to discount Dr. Brady's opinions failed to comply with the existing Sixth Circuit rubric set out in *Wilson*, and again in *Gayheart*.[67] The Commissioner counters that although the ALJ did not conduct a *Wilson* analysis specifically citing to places where medical records are inconsistent with Dr. Brady's opinion, the reviewing court can find the inconsistencies for itself in an examination of the entire record.

---

[64] Tr. at 259-60.

[65] *Id.* at 426-27.

[66] *Id.* at 567-68.

[67] *Gayheart*, 710 F.3d at 380.

Despite the Commissioner's invitation to conduct an independent review of the entire transcript in search of a factual basis for the ALJ's single sentence reason for allocating lesser weight to Dr. Brady's opinions, the Sixth Circuit authority cited above precludes such an undertaking. As Dr. Brady is a treating source, the ALJ must first consider whether her opinions are to be given controlling weight, focusing on whether the opinions are supported by well-recognized clinical and diagnostic techniques and by other substantial evidence in the record. Only if the result of that inquiry is a decision to deny the opinions controlling weight does the analysis proceed to step two, where the issue of what lesser weight, if any, should be assigned. At both steps, the Sixth Circuit is clear that the reasons for any decision need to be clearly articulated by the Commissioner to permit meaningful judicial review by the court. Failure to do so denies the claimant due process and is grounds for a remand.

The deficiencies here amply support a remand in light of *Gayheart*. Moreover, the fact that the opinions of Dr. Brady, a treating source, were discounted in favor of giving substantial weight to the consulting examining psychologist, Dr. Christopher Layne, simply highlights the importance of the ALJ in this case following the strict procedural requirements set forth in matters where the otherwise controlling opinion of a treating source is to be downgraded.

## Conclusion

For the reasons stated, I recommend finding that substantial evidence does not support the decision of the Commissioner that Mills had no disability. Accordingly, I recommend that the decision of the Commissioner denying Mills supplemental security income be reversed

and that the case be remanded for proper evaluation and articulation as to the opinions of the treating psychiatrist, Dr. Brenda Brady.


Dated: July 10, 2013                                    s/ William H. Baughman, Jr.
                                                        United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[68]

---

[68] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).