IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Teresa S. Mills, | Case No. 3:12 CV 1944 |
| Plaintiffs, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

### INTRODUCTION

Plaintiff Teresa Mills timely filed a Complaint (Doc. 1) against the Commissioner of Social Security seeking judicial review of the Commissioner's decision to deny supplemental social security income ("SSI") benefits. This Court has jurisdiction under 42 U.S.C. § 405(g).

This case was referred to Magistrate Judge Baughman for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2(b)(2). Following briefing (Docs. 14, 16 & 18–19) and oral argument (Doc. 20), the Magistrate Judge recommended this Court reverse the final decision of the Commissioner denying Plaintiff benefits and remand this case for a proper evaluation of Plaintiff's treating physician (Doc. 21).

This matter is now before this Court on the Commissioner's Objection to the R&R (Doc. 22) and Plaintiff's Reply (Doc. 23). Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a de novo determination of the Magistrate Judge's findings. For the reasons below, this Court adopts the recommendation to reverse the denial and remand this case back to the ALJ.

**BACKGROUND**

The R&R accurately recites the relevant factual and procedural background from the administrative record, and this Court adopts them in their entirety (Doc. 21 at 2–4). Briefly, Plaintiff was 21 years old at the time she filed her application in April 2007 (AR 188–90). Prior to her application, Plaintiff had some limited work experience waiting tables at a restaurant and cleaning animal kennels and caring for kenneled animals (AR 193, 198–201).

Plaintiff's alleged disability stems from various psychological impairments. The ALJ found Plaintiff suffers from the following severe impairments: bipolar disorder, attention deficit hyperactivity disorder, and polysubstance abuse (AR 18). Plaintiff testified her psychological issues preclude her from working because she fights with others, gets frustrated easily (AR 36–37), and hears voices throughout the day (AR 42–44).

Plaintiff began seeking treatment at the Zepf Community Mental Health Center in 2004 (AR 276). At Zepf, she began seeing psychiatrist Dr. Brenda Brady (AR 276–80). It appears from treatment notes in the record that Plaintiff saw Dr. Brady, nurses, and clinicians at Zepf frequently during 2006–2010 (AR 263–316, 376–580).

In April 2007, Plaintiff filed for SSI benefits, which were denied initially but remanded back to the ALJ for further proceedings upon reconsideration by the Appeals Council (AR 76–78). The ALJ held a second hearing in July 2010 and denied benefits once again (AR 13–28), and the Appeals Council denied review of this decision (AR 1–6).

In assessment reports dated April 2007, November 2008, and August 2010, Dr. Brady found Plaintiff to be "markedly limited" and "moderately" (or "significantly") limited in her ability to perform certain tasks (AR 259–60, 426–27, 567–68). In his decision denying Plaintiff benefits, the

ALJ afforded Dr. Brady's opinions "minimal weight" because he found her opinions to be "inconsistent with the counseling notes" from Dr. Brady and the nurses and clinicians at the Zepf Center (AR 22), and because Dr. Brady's opinions were not sufficiently justified (AR 21). Instead, the ALJ gave significant weight to the August 2007 opinion of consultative examiner Dr. Christopher Layne, Ph.D., who found Plaintiff not impaired or "mildly impaired" with respect to her ability to perform certain tasks (AR 317–22).

The sole objection to the pending R&R challenges the Magistrate Judge's finding that the ALJ failed to give a legally sufficient "good" reasons for discounting Dr. Brady's opinions (Doc. 22).

### STANDARD OF REVIEW

In reviewing the denial of social security benefits, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)); *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (internal quotation marks and citation omitted). A reviewing court must "affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Id.* However, the "failure to follow agency rules and regulation denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based on the record." *Id.* (quoting *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)).

## **ANALYSIS**

The Commissioner has set forth certain standards for assessing the opinions of treating physicians. *See* 20 C.F.R. § 404.1527(c). "Treating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart*, 710 F.3d at 376 (quoting 20 C.F.R. § 404.1527(c)(2)). If the opinion of a treating source is not accorded controlling weight, the ALJ then "must apply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2)–(6).

The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Gayheart*, 710 F.3d at 376. "These reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* (quoting SSR 96-2p). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson*, 378 F.3d at 544.

This Court agrees with the Magistrate Judge's conclusion that the ALJ failed to conduct a proper treating-source analysis of Dr. Brady's opinions. The ALJ did not provide "good reasons" or explain why Dr. Brady's opinions were inadequately supported by objective findings or inconsistent

4

with Plaintiff's treatment records. The ALJ, without meaningful citations to or analysis of the record, concluded that Dr. Brady's August 2007 assessment was lacking because Dr. Brady "did not provide any reasons for her check marks, and in her assessment [Dr. Brady] stated that it was largely based on [Plaintiff's] reports and subjective allegations" and because Dr. Brady's opinion was "not supported by treatment notes" (AR 21). The ALJ found Dr. Brady's August 2010 assessment lacking in the same ways -- finding Dr. Brady "did not offer any specifics for her opinion" and that the opinion was "inconsistent with the counseling notes," although the ALJ did not identify which counseling notes or explian how the opinion created an inconsistency (AR 21–22). The ALJ made no mention of Dr. Brady's November 2008 assessment.

The ALJ failed to identify record evidence verifying his statements that Dr. Brady's opinions were not supported by medically acceptable techniques and inconsistent with other record evidence. In his Objection, the Commissioner argues the ALJ met his burden when he "specifically cited to facts that were inconsistent with Dr. Brady's opinion" and points out that the ALJ noted that Dr. Brady's treatment notes show that "Plaintiff spent time with friends, reported no irritability or anxiety, and was riding her bike and swimming" (Doc. 22 at 2) which, according to the Commissioner, provide record evidence of "good reasons" to reject Dr. Brady's opinions. However, this Court finds these generic references fall short of what is required by the Commissioner's regulations and the Sixth Circuit's pronouncements in *Gayheart* and *Wilson*. On remand, the ALJ is to conduct a proper analysis of whether treating source opinions should be given controlling weight, including clearly articulating the basis for not giving controlling weight and providing record support for any such basis.

5

**CONCLUSION**

The Commissioner's Objection (Doc. 22) is overruled, and this Court adopts the R&R (Doc. 21). This Court reverses the Commissioner's decision denying Plaintiff's benefits claim and remands for further proceedings consistent with this Opinion pursuant to 42 U.S.C. § 405(g)

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 30, 2013